<u>NOT FOR PUBLICATION</u>

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

|  |  |  |
|---|---|---|
| C.N., | : | **Civil Action No. 25-01706 (SRC)** |
| Plaintiff, | : | |
| | : | **OPINION** |
| v. | : | |
| COMMISSIONER OF SOCIAL SECURITY, | : | |
| Defendant. | : | |

<u>**CHESLER, District Judge**</u>

This matter comes before the Court on appeal by Plaintiff C.N. ("Plaintiff") of the final decision of the Commissioner of Social Security ("Commissioner") determining that she was not disabled under the Social Security Act ("Act"). This Court exercises jurisdiction pursuant to 42 U.S.C. § 405(g) and, having considered the submissions of the parties without oral argument, pursuant to L. CIV. R. 78.1(b), finds that the Commissioner's decision will be **AFFIRMED.**

## I.    BACKGROUND

In brief, this appeal arises from Plaintiff's application for benefits, alleging disability beginning October 16, 2020. A hearing was held before Administrative Law Judge Trina Moore (the "ALJ") on February 28, 2024, and the ALJ issued an unfavorable decision on March 28, 2024. Plaintiff sought review of the decision from the Appeals Council. After the Appeals Council denied Plaintiff's request for review on January 28, 2025, the ALJ's decision became the Commissioner's final decision, and Plaintiff filed this appeal.

1

In the decision of March 28, 2024, the ALJ found that, at step one, Plaintiff had not engaged in substantial gainful activity since the onset date of September 8, 2022. (Tr. 19.) At step two, the ALJ found Plaintiff had severe impairments of fibromyalgia, depression, anxiety, diabetes mellitus, restless legs syndrome, lupus, degenerative disc disease of the lumbar spine, degenerative joint disease of the shoulder, and asthma. *Id.* At step three, the ALJ found Plaintiff's impairments, either singly or in combination, did not meet or medically equal the severity of any of the listed impairments set forth in the Listing of Impairments. *Id.* At step four, the ALJ found that Plaintiff retained the residual functional capacity ("RFC") to perform light work as defined in 20 CFR § 416.967(b), except she is limited to never climbing ladders, ropes, scaffolds or crawling; frequently handling and fingering bilaterally; avoiding concentrated exposure to extreme temperatures, wetness humidity, and pulmonary irritants; avoiding all exposure to hazards such as unprotected heights, moving mechanical parts and uneven terrain. The ALJ further found that she retains the ability to carry out simple routine tasks on a continuous basis with simple instructions and simple work-related decisions; no assembly line or production rate pace work; no work in tandem; occasional interaction with co-workers and supervisors; no constant interaction with the public in a customer service setting, and is able to tolerate occasional changes in the work setting and work processes. *Id.* at 21. At step four, the ALJ found Plaintiff had no past relevant work. *Id.* at 25. At step five, the ALJ determined Plaintiff could perform a significant number of jobs existing in the national economy. *Id.* at 26. Accordingly, the ALJ concluded that Plaintiff had not been disabled within the meaning of the Act. *Id.* at 27.

On appeal, Plaintiff argues that the Commissioner's decision should be reversed and the case remanded with three principal arguments: (1) the ALJ failed to provide the required

2

supportability analysis as to the opinions of the agency reviewers; (2) the ALJ's determination that Plaintiff can perform frequent handling and fingering bilaterally is not supported by substantial evidence and (3) the ALJ failed to perform an evaluation of Plaintiff's subjective complaints.

## II.    LEGAL STANDARD

As to the burden of proof, Plaintiff bears the burden in the first four steps of the analysis of demonstrating how his impairments, whether individually or in combination, amount to a qualifying disability. *Bowen v. Yuckert*, 482 U.S. 137, 146 n.5 (1987).   As to the harmless error doctrine, the Supreme Court explained its operation in a similar procedural context in *Shinseki v. Sanders*, 556 U.S. 396, 409 (2009), which concerned review of a governmental agency determination.   The Court stated: "the burden of showing that an error is harmful normally falls upon the party attacking the agency's determination." *Id.*   In such a case, "the claimant has the 'burden' of showing that an error was harmful." *Id.* at 410.   Plaintiff thus bears the burden, on appeal, of showing not merely that the Commissioner erred, but also that the error was harmful. At the first four steps, this requires that Plaintiff also show that, but for the error, she might have proven her disability.   In other words, when appealing a decision at the first four steps, if Plaintiff cannot articulate the basis for a decision in her favor, based on the existing record, she is quite unlikely to show that an error was harmful.

## III.    LEGAL ANALYSIS

### A.  The ALJ Provided An Adequate Supportability Analysis as to the Opinions of the Agency Reviewers

Plaintiff argues that the ALJ failed to provide an adequate supportability analysis of the opinions of the two agency reviewers as required by 20 C.F.R. § 404.1520(c) and 20 C.F.R. § 416.920c(b). (Pl.'s Br. at 18-20).

3

For claims filed on or after March 27, 2017, such as the instant case, the ALJ considers medical opinions when assessing the RFC, but will not "defer or give any specific evidentiary weight, including controlling weight, to any medical opinion(s) or prior administrative medical finding(s), including those from [the claimant's own] medical sources." 20 C.F.R. § 416.920c(a). Rather, the ALJ assesses the persuasiveness of medical opinions, and in doing so, need only explain how she considered the "most important" factors of "supportability" (i.e., how well the medical source supported the opinion with objective medical evidence and explanation) and "consistency" (i.e., how consistent the opinion is with other evidence).   20 C.F.R. §§ 416.1520c(a), 416.1920c(b)(2)-(3).   The ALJ "need not reiterate the magic words 'support' or 'consistent' for each doctor," and may "weave [discussion of] supportability and consistency throughout her analysis." *Zaborowski v. Comm'r of Soc. Sec.*, 115 F.4th 637, 639 (3d Cir. 2024). Moreover, the ALJ's decision must be "read as a whole." *Jones v. Barnhart*, 364 F.3d 501, 505 (3d Cir. 2004).

The ALJ's determination reads as follows:

> In July 2023, the claimant's record was reviewed by State agency medical consultant Mohammad Rizwan (Exhibit 2A, at 4-5). Dr. Rizwan concluded that the claimant could perform light exertional work and needed to avoid concentrated exposure to extreme, cold, extreme heat, wetness, humidity, fumes, odors, dusts, gases and poor ventilation. On reconsideration in September 2023, State agency medical consultant Leonard Nicosia affirmed Dr. Rizwan's opinion (Exhibit 4A, at 5-6). The undersigned finds the opinions of Dr. Rizwan and Dr. Nicosia persuasive. The claimant's ability to perform light exertional is consistent with repeated findings of normal strength and a non-antalgic gait. In April 2023, the claimant had an antalgic gait but improved tolerance to sitting and standing (Exhibit 6F, at 49). The claimant's lower back pain improved significantly with epidural steroid injections and medial branch blocks. Pulmonary examinations in the record are consistently normal but her history of asthma reasonably supports environmental

> limitations including a need to avoid concentrated exposure to extreme temperatures, wetness humidity, and pulmonary irritants. The record shows repeated complaints of hand and wrist symptoms but diagnostic imaging showed mostly normal or mild findings (Exhibit 6F, at 1, 38, 120, 123). Dr. Merlin found the claimant's grasping strength and manipulative functions unimpaired (Exhibit 5F, at 2). Nevertheless, a limitation to frequent handling and fingering bilaterally is warranted by Dr. Gartshteyn's findings of right wrist discomfort with range of motion, Heberden and Bouchard nodes and PIP joint tenderness (Exhibit 2F, at 35) and Dr. Kang's findings of tenderness along the proximal and DIP joints of her hands with mild coldness and some bluish discoloration from Raynaud's (Exhibit 6F, at 48).

(Tr. 24-25).

Plaintiff argues that the ALJ failed to provide the supportability analysis as to the medical opinions of the two agency reviewers as required by 20 C.F.R. § 416.920c(b).   (Pl.'s Br. at 19). Plaintiff contends that the ALJ failed to sufficiently explain why these opinions had persuasive value for the RFC analysis, and limited her discussion to only a consistency analysis.   *Id.* at 20.

The Court disagrees.   The ALJ had no obligation to use the word "supportability" in her analysis.   As made clear by the Third Circuit in *Zaborowski*, the ALJ "need not reiterate the magic words 'support' or 'consistent' for each doctor," and may "weave [discussion of] supportability and consistency throughout her analysis." 115 F.4th at 639.   The ALJ was permitted to weave her discussion of both supportability and consistency throughout her analysis, which she did.   *Id.*

In the paragraph just quoted above, the ALJ began by summarizing the opinions of each state agency examiner, followed by his determination that found the two opinions to be persuasive. The remainder of the paragraph summarizes the evidence of record that is consistent with, and thereby supportive of, the two opinions.   Although the word "supportability" does not appear in that paragraph, it is clear to this Court that the ALJ cited the evidence of record that "fit with the

other evidence of [the claimant's] condition . . ." *Zaborowski*, 115 F.4th at 640.   In the words of the Third Circuit, "[t]here was no need to say more than that." *Id.*

As to the "other evidence" that the ALJ cited in that paragraph, for example, the ALJ referenced Dr. Merlin's finding that Plaintiff's "grasping strength and manipulative functions" were unimpaired.   (Tr. 25; Ex. 5F at 2).   Also, the ALJ found "a limitation to frequent handling and fingering bilaterally is warranted" specifically as a result of Dr. Gartshteyn's findings of right wrist discomfort with range of motion, Heberden and Bouchard nodes and PIP joint tenderness (Exhibit 2F, at 35) and Dr. Kang's findings of tenderness along the proximal and DIP joints of her hands with mild coldness and some bluish discoloration from Raynaud's (Exhibit 6F, at 48), all of which speak directly to supportability and consistency.   (Tr. 24-25).   Again, "[t]here was no need to say more than that." *Id.*

Because the ALJ's discussion of the opinions of the two state agency reviewers clearly wove supportability and consistency into the analysis, as required by *Zaborowski*, the Court is satisfied that the ALJ's supportability analysis is sufficient under 20 C.F.R. § 404.1520(c) and 20 C.F.R. § 416.920c(b).

**B. The RFC Limitation for Frequent Handling and Fingering Is Supported by Substantial Evidence**

The ALJ's RFC determination reads as follows:

> "After careful consideration of the entire record, the undersigned finds that the claimant has the residual functional capacity to perform light work as defined in 20 CFR 416.967(b) except she is limited to never climbing ladders, ropes, scaffolds or crawling; frequently handling and fingering bilaterally; avoiding concentrated exposure to extreme temperatures, wetness humidity, and pulmonary irritants; avoiding all exposure to hazards such as unprotected heights, moving mechanical parts and uneven terrain. She retains the ability to carry out simple routine tasks on a

6

> continuous basis with simple instructions and simple work-related
> decisions; no assembly line or production rate pace work; no work
> in tandem; occasional interaction with co-workers and supervisors;
> no constant interaction with the public in a customer service setting;
> and is able to tolerate occasional changes in the work setting and
> work processes."

(Tr. 21).

Plaintiff argues that this RFC limitation is unsupported because the ALJ interpreted raw medical data. (Pl.'s Br. at 21-22). Defendant responds that the RFC is an administrative finding reserved to the ALJ, the ALJ may formulate an RFC without a corresponding medical opinion, and the ALJ reasonably considered the evidence in the record. (Def.'s Opp. at 4-7). The Court agrees with Defendant.

An RFC determination is an administrative finding reserved to the Commissioner and must be based on "all of the relevant medical and other evidence." 20 C.F.R. § 416.945(a)(3). The Third Circuit has repeatedly held that an ALJ is not required to adopt a specific medical opinion or identify a physician who assessed the exact limitations included in the RFC. *See Chandler v. Commissioner of Social Security*, 667 F.3d at 359, 362 (3d Cir. 2011).

Here, the ALJ relied on clear statements of medical opinion from medical sources. For example, the ALJ noted that Plaintiff had reported dropping items due to trouble with fine motor manipulation, as well as Dr. Yevgeniya Gartshteyn's findings of "discomfort with [range of motion] of the [right] wrist" (Ex. 6F at 5, 8, 12, 16, 20, 24, 30, 36, Ex. 7F at 10, 13, 17, 21, 25, 29, 35, 41).

The ALJ balanced these clinical findings with references to treatment records and medical opinions that suggested that Plaintiff retained the unimpaired capacity for fingering and handling. The ALJ noted the observation of Dr. Francky Merlin, the consultative examiner, that Plaintiff's

"[g]rasping strength and manipulative functions are not impaired" (Tr. 24, Ex. 5F at 2).   The ALJ noted that, although the record reflected repeated complaints of hand and wrist symptoms, "diagnostic imaging showed mostly normal or mild findings," (Tr. 24), referencing Dr. Kang's report finding intact ligaments, no fractures or contusions, no muscular strain or atrophy, no visible nerve damage, and "normal" or "unremarkable" impressions of Plaintiff's wrists.   (Ex. 6F at 1, 38, 120, 123).   The ALJ found the prior administrative medical findings persuasive, except for the portion regarding no manipulative limitations and, to Plaintiff's benefit, found that an RFC limitation for frequent handling and fingering was appropriate.   (Tr. 24-25).   As explained in *Titterington v. Barnhart*, "there is no legal requirement that a physician have made the particular findings that an ALJ adopts in the course of determining an RFC. Surveying the medical evidence to craft an RFC is part of the ALJ's duties."   174 F. App'x 6, 11 (3d Cir. 2006).   The ALJ explained how the limitations in the RFC were derived from the medical evidence of record, including the opinions of physicians.   Plaintiff has failed to persuade this Court that the ALJ erred in the analysis of the medical evidence.

Plaintiff also argues that the record supports a more restrictive limitation, but the presence of evidence supporting a contrary conclusion does not undermine the ALJ's determination so long as substantial evidence supports it.   The Court may not reweigh the evidence or substitute its judgment for that of the ALJ.   *Williams v. Sullivan*, 970 F.2d 1178, 1182 (3d Cir. 1992).   The ALJ appropriately relied on statements of medical opinion and other medical evidence, as explained above.   The possibility that another finder of fact might have arrived at a different determination does not alter this Court's determination that the RFC determination is supported by substantial evidence.

Accordingly, the Court finds that substantial evidence supports the ALJ's determination that Plaintiff retained the capacity for frequent handling and fingering.

### C.  The ALJ Properly Evaluated Plaintiff's Subjective Complaints

Plaintiff next argues that the ALJ failed to properly evaluate her subjective complaints regarding the severity of her symptoms.   (Pl.'s Br. at 25-31).   The Court disagrees.

An ALJ must consider a claimant's subjective complaints, including pain and other symptoms, but is not required to accept them as fact.   Rather, the ALJ must evaluate whether such statements are consistent with the objective medical evidence and other evidence of record.   *See* C.F.R. § 416.929; SSR 16-3p.   On judicial review, the agency's factual findings are "'conclusive' if supported by 'substantial evidence.'" *See Biestek v. Berryhill*, 587 U.S. 97, 102 (2019) (quoting 42 U.S.C. § 405(g)).   Although an ALJ must carefully consider a claimant's subjective complaints, "the ALJ is not required to credit them," particularly where her statements are undermined by other evidence.   *See Chandler*, 667 F.3d at 363

Here, the ALJ clearly considered Plaintiff's testimony that she experienced significant pain, fatigue, and limitations in her ability to sit, stand, walk, and use her hands.   (Tr. 22-23). The ALJ then compared these allegations to the record evidence and found that Plaintiff's statements were "not entirely consistent" with the same.   (Tr. 23).

Here, the ALJ followed the regulatory framework and found that the record supported limitations on Plaintiff's ability to work but did not support her allegations of disabling symptoms and cited several reasons why.   (Tr. 21-25).   The ALJ found that Plaintiff's medically determinable impairments could reasonably be expected to cause the symptoms she alleged, but Plaintiff's statements concerning the intensity, persistence, and limiting effects of those symptoms

were not entirely consistent with the evidence in the record.  (Tr. 22).  The ALJ explained that she found that the objective medical evidence was inconsistent with the severity and degree of limitations Plaintiff alleged.  (Tr. 22-25).  The ALJ discussed clinical examination findings related to tenderness and decrease range of motion in the spine, shoulder, and right wrist and hand. (Tr. 22-24, 301, 348, 350, 359, 364, 504, 559).  The ALJ also noted that Plaintiff's grasp and manipulative functions were not impaired, she had non-antalgic gait, straight leg raising was negative, and strength and sensation were intact.  (Tr. 23-24, 301-02, 551, 553, 556, 559, 562, 565, 586, 571, 575, 578, 581, 583, 586, 588, 591, 594, 792, 794, 797).  Moreover, the ALJ highlighted that while Plaintiff's diagnostic imaging was largely unremarkable, the MRIs did show signs of tenosynovitis and underlying inflammatory arthritis.  (Tr. 23, 509-12, 549, 631, 634). The ALJ also noted that though Plaintiff testified her pain was a nine out of ten in severity, (Tr. 44-45), she rated her overall pain only a five-to-six out of ten at times (Tr. 22, 301, 575, 588; *see also* Tr. 581, 583 rating pain four-to-five out of ten; Tr. 559, 562, 637, 792, 794 rating pain six-to-seven out of ten).  The ALJ thus had substantial evidence to support her determination that the objective medical evidence was inconsistent with the severity and degree of limitations Plaintiff alleged.  (Tr. 22-25). *See* 20 C.F.R. § 416.929(c)(2) ("Objective medical evidence of this type is a useful indicator to assist us in making reasonable conclusions about the intensity and persistence of your symptoms and the effect those symptoms, such as pain, may have on your ability to work.").

Importantly, as explained *supra*, the ALJ did not reject outright Plaintiff's complaints of pain and limitations.  Instead, the ALJ acknowledged them in part by incorporating multiple limitations into the RFC, including restrictions to light work, environmental limitations, and

limitations to simple, routine tasks with reduced social interaction.  (Tr. 21).  This reflects a reasonable evaluation of the evidence rather than an improper dismissal of Plaintiff's subjective complaints as suggested by Plaintiff.

Plaintiff's argument again amounts to a request that the Court reweigh the evidence and reach a different conclusion.  However, the Court's role is limited to determining whether the ALJ's findings are supported by substantial evidence, not whether the Court would have reached a different result.  *See Williams*, 970 F.2d at 1182.   The Court is satisfied that the ALJ's findings are supported by substantial evidence as required by 42 U.S.C. § 405(g))

Accordingly, the Court finds that the ALJ properly evaluated Plaintiff's subjective complaints.

## IV.    CONCLUSION

For the foregoing reasons, the Court finds that the ALJ's RFC determination is supported by substantial evidence.   The Commissioner's decision will therefore be **AFFIRMED**.

An appropriate Order accompanies this Opinion.

/s/ Stanley R. Chesler

STANLEY R. CHESLER, U.S.D.J.

Dated: May 13, 2026

11